[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: INTEREST ON THE JUDGMENT — MOTION # 129.00
This case comes to this court on the limited issue of whether interest should be awarded as requested in the defendant's ("husband") claim for relief that interest is due from October 30, 1991 until the monies are paid.
The facts are relatively simple. The parties tried a limited contested dissolution of marriage and the judge's decision of October 30, 1991, was that "the jointly owned lot in Greenwich was `to be sold forthwith'" and from the "net proceeds of sale . . . the defendant was to be entitled to $95,000". Thereafter in December of 1991, the court highlighted the fact that if the "plaintiff has some other means of providing the defendant with his share without selling the lot then the court's intent is carried out". A motion to terminate the stay was heard by the trial judge and denied. The appellate court's decision on December 29, 1992, affirmed the trial court's decision.
The claim has been made by the defendant husband that he is entitled to interest from October 30, 1991 which was the date of the decision of the trial judge until the property is sold.
The question of interest in a dissolution of marriage case is a confusing issue. If the judgment is a family support judgment pursuant to 52-350a(7) then it is clear that no interest is due. If it is a money judgment under 52-350(f) then there is interest due. The rate is to be determined by 37-3(a) which seems to indicate a 10% rate of interest.
Blake v. Blake, 211 Conn. 485 (1989) addresses part of this problem. Blake says that if the order of the trial judge is a division of property it is not a family support order. In Blake, a $1,200,000 delayed payment by the husband to the wife was found to be a division of property. The court said at p. 500 "It is apparent that an order for the payment of money from the sale of real estate constitutes a `money judgment' and not a `family support judgment', as those terms are defined, despite the judgment's origin in an action on the family docket."
In Blake, the dissolution decision was in July of 1987. The CT Page 2457 court terminated the stay sometime close to July of 1987, and ordered $675,000 to be paid on account. The balance due was $525,000. In May of 1988, after the original appeal in Blake had been resolved the defendant delivered a check for $525,000 claiming that was the balance of the $1,200,000. It was delivered without interest. Blake said interest was due on the $525,000 from the date of the trial court's decision to the time the money was delivered.
In this case, however, we do not have the funds in liquid form. In fact, a condition precedent to the delivery of the money is the question of selling the property. What if the property sells for less than $95,000? What if the property is never listed for sale? These questions immediately come to mind among others.
This court finds that this is a division of property.
This court finds accordingly that in an appropriate factual circumstance interest would be due in this court's opinion from the date of the appellate court's decision which was the final judgment, which is December 9, 1992.
This court however is not in a position to make the interest determination without a factual hearing. It is clear to this court that the plaintiff had the right to appeal this decision and the judgment did not become final until the appellate court acted. The case was not dismissed as being frivolous or otherwise while the appeal was pending. The plaintiff did not have to sell the property during the appeal.
Strictly interpreting the defendant's claim for relief which is that interest be awarded from October 30, 1991, the court denies that request for the reasons set forth above. This court at this time does not address the factual question of whether interest will be due once the sale has taken place from the date of the appellate court's decision of December 29, 1992.
KARAZIN, J. CT Page 2458